IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA HOLIDAY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 06-cv-4588 |
| | : | |
| **BALLY'S PARK PLACE, INC. d/b/a/** | : | |
| **CLARIDGE TOWER AT BALLY'S** | | |

### MEMORANDUM AND ORDER

**Kauffman, J.**                                                                 **September 7, 2007**

Plaintiff Barbara Holiday ("Plaintiff") brings this diversity action against Bally's Park Place, Inc. for damages arising from a slip and fall accident that occurred on Defendant's premises in Atlantic City, New Jersey. Now before the Court is Defendant's Motion to dismiss or transfer venue. For the reasons that follow, the Motion to transfer venue will be granted.

**I.     Background**

Taking as true the facts alleged in the Complaint, as the Court must at this stage of the proceedings, the relevant facts are as follows. On or about January 4, 2005, Plaintiff was a business invitee at Defendant's casino in Atlantic City, New Jersey. Compl. ¶ 7. While Plaintiff was on Defendant's premises, she was served alcoholic beverages despite being visibly intoxicated, and she slipped and fell, sustaining serious injury. Compl. ¶¶ 8, 9. Plaintiff alleges that Defendant's actions were negligent and violated the New Jersey Licensed Alcohol Beverage Servers Liability Act ("Beverage Server Act"), N.J. Stat. Ann. 2A:22A-5b.[1]

---

[1] The Beverage Server Act provides, in pertinent part: "[a] person who sustains personal injury or property damage as a result of the negligent service of alcoholic beverages by a licensed alcoholic beverage server may recover damages from a licensed alcoholic beverage server only if:
    a. (1) The server is deemed negligent pursuant to subsection b. of this section; and (2)

1

Defendant seeks to dismiss this action for lack of personal jurisdiction pursuant to Fed R. Civ. P. 12(b)(2), stating that it has virtually no connection to Pennsylvania and has "not purposely availed itself of the privilege of conducting activities" in this state.  See Mot. to Dismiss at 4 (citing Hanson v. Denckle, 357 U.S. 235, 253 (1958)).  Alternatively, Defendant seeks dismissal or transfer on the basis of improper venue pursuant to Fed. R. Civ. P. 12(b)(3).  Defendant argues that the District of New Jersey is the appropriate venue because: (1) the accident occurred in New Jersey; (2) Defendant corporation resides in New Jersey; and (3) Plaintiff is alleging violations of New Jersey state law.  Plaintiff does not address Defendant's arguments regarding venue transfer, but contends that Defendant has sufficient contacts with Pennsylvania, primarily by way of advertising, to render jurisdiction in this district proper.[2]

## II.     Legal Standard

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any

---

The injury or damage was proximately caused by the negligent service of alcoholic beverages; and (3) The injury or damage was a foreseeable consequence of the negligent service of alcoholic beverages.
     b. A licensed alcoholic beverage server shall be deemed to have been negligent only when the server served a visibly intoxicated person, or served a minor, under circumstances where the server knew, or reasonably should have known, that the person served was a minor.  See N.J. Stat. Ann. 2A:22A-3.

[2]     Since this matter will be resolved on venue grounds, the Court will not address the jurisdictional challenge.

defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391.

Venue disputes are governed either by 28 U.S.C. § 1404(a) or by 28 U.S.C. § 1406. Section 1406 applies only where the original venue is improper and provides for either transfer or dismissal of the case. Section 1404(a) provides for transfer where both the original and requested venue are proper: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A defendant may assert improper venue in a motion to dismiss. Fed. R. Civ. P. 12(b)(3). All well-pleaded allegations in the complaint are generally taken as true unless contradicted by the defendant's affidavits, and the Court may examine facts outside the complaint to determine proper venue. Fellner v. Philadelphia Toboggan Coasters, Inc., 2005 WL 2660351, at *1 (E.D. Pa. Oct. 18, 2005); see also Abramski v. Potter, 2005 WL 3021926, at *1 (D. Conn. Oct. 31, 2005); Wright & Miller, Federal Practice and Procedure § 1352.

**III.   Discussion**

Even if venue were proper in this Court, discretionary transfer pursuant to 28 U.S.C. § 1404(a) would still be warranted. In accordance with 28 U.S.C. § 1404(a), the Court is required to conduct a balancing test and weigh a number of factors in deciding whether the "interests of justice [would] be better served by a transfer to a different form." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995); Salovaara v. Jackson Nat. Life Ins. Co., 246 F.3d 289, 298 (3d Cir. 2001). The factors enumerated in Section 1404(a) include convenience of the parties,

convenience of witnesses, and the interests of justice. See 28 U.S.C. § 1404(a). Other factors to be considered include "the enforceability of judgment, the practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty in the two fora resulting from court congestion, the local interest in determining local controversies at home, the public polices of the fora and the familiarity of the trial judge with the applicable state law." Wojtunik v. Kealy, 2003 WL 22006240, at *7 (E.D. Pa. Aug. 26, 2003).

It is clear that this action has a far stronger connection to the District of New Jersey where the accident occurred, where Defendant is headquartered and conducts business, and where the evidence is likely to be found. In addition, it is uncontested that New Jersey law controls the dispute. The action's sole connection to this district is Plaintiff's residence in Philadelphia. Having weighed the aforementioned factors, the Court concludes that a transfer is appropriate pursuant to 28 U.S.C. § 1404(a). See Connors v. R & S Parts & Servs., Inc., 248 F. Supp. 2d 394, 396 (E.D. Pa. 2003) (transferring case to District of New Jersey where Pennsylvania resident sued New Jersey corporation for damages arising from a motor vehicle accident that occurred in New Jersey); Ryle v. NES Rentals, 2004 WL 2609121, at *1 (E.D. Pa. Nov. 16, 2004).

Generally, transfer to the proper forum is preferable to outright dismissal because it prevents repetitive motion practice and unnecessary costs. See Kahn, 2006 WL 1879192, at *7. Accordingly, this matter will be transferred to the District of New Jersey for further proceedings.

**IV. Conclusion**

For the foregoing reasons, Defendant's Motion to transfer venue will be granted. An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA HOLIDAY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 06-cv-4588 |
| | : | |
| **BALLY'S PARK PLACE, INC. d/b/a/ CLARIDGE TOWER AT BALLY'S** | : | |

## ORDER

**AND NOW**, this 7th day of September, 2007, upon consideration of Defendant's Motion to dismiss or transfer venue (docket no. 5) and all responses thereto, and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is **GRANTED**.  Accordingly, this matter is **TRANSFERRED** to the United States District Court for the District of New Jersey.

BY THE COURT:


/s/ Bruce W. Kauffman
BRUCE W. KAUFFMAN, J.